UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ERIK JOHN STREED, as the Father and Natural Guardian of A.J.S., a Minor; and ERIK JOHN STREED, individually, | Case No. 12-CV-1340 (PJS/JJG) |
| Plaintiffs, | ORDER |
| v. | |
| KEN A. NEUHARTH and SUSANNA M. NEUHARTH, Innkeepers and Owners and Operators of The Country Cove, | |
| Defendants. | |

Ellyn J. Bullock, LAW OFFICE OF ELLYN J. BULLOCK LLC; Alan I. Silver and Steven P. Aggergaard, BASSFORD REMELE, P.A., for plaintiffs.

Anissa M. Mediger and Kathryn R. Downey, MURNANE BRANDT, P.A., for defendants.

Defendants Ken and Susanna Neuharth — the prevailing parties in this case — have submitted a bill of costs totaling $6,893.96 against plaintiff Erik John Streed. See ECF No. 64; 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)(1). After review, the Clerk of Court entered a cost judgment against Streed in that amount. See ECF No. 68. This matter is before the Court on Streed's motion for review of the bill of costs and cost judgment. Streed argues that the Court should not permit the Neuharths to recover any costs incurred in connection with this case. In the alternative, Streed argues that the Court should not award certain specific costs, including (1) $657.50 in costs relating to the second deposition of Ken Neuharth, (2) $358.60 in costs relating to the depositions of Stephen Streed and L.S., and (3) $869.31 in costs incurred making copies of medical records.

"'A prevailing party is presumptively entitled to recover all of its costs.'" *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006) (quoting *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005)). "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs . . . ." *168th and Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007).

Streed first contends that the Court should decline to award any costs because his complaint was not frivolous or malicious. The Court agrees that Streed's complaint was far from frivolous or malicious. But the vast majority of complaints are neither frivolous nor malicious. If Streed's argument were accepted, it would turn the presumption in favor of the imposition of costs on its head. *Cf. Lucero v. Mesa Cnty. Sheriff's Dep't*, 297 Fed. Appx. 764, 767 (10th Cir. 2008) (finding that "general presumption" in favor of awarding costs "operates even though . . . [the] complaint was not frivolous"). "[C]ourts routinely tax costs in 'close' cases." *E.E.O.C. v. Hibbing Taconite Co.*, Case No. 09-CV-0729 (RHK/LIB), 2010 WL 4237318, at *1 (D. Minn. Oct. 21, 2010) (citing *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762-63 (8th Cir. 2006)).

Streed next contends that the Court should decline to award costs because A.J.S. — on whose behalf Streed sued — is a child. In essence, Streed contends that it would be unfair to tax a child for the costs of litigation brought on behalf of that child. "A general statement of fairness," however, "is insufficient to justify a decision to refuse to award costs. *Thompson*, 472 F.3d at 517. And in any event, Streed was also a plaintiff in his own right, and Streed is not a child. Accordingly, the Court finds that the Neuharths should be awarded costs pursuant to § 1920 and Rule 54(d)(1).

Streed also challenges three specific categories of costs sought by the Neuharths, as described above.  The Court will address each challenge in turn:

First, the Court agrees with Streed that he should not be required to pay the costs relating to Ken Neuharth's second deposition.  Indeed, the Court is quite surprised that the Neuharths are seeking those costs.  As the Neuharths well know, that deposition was necessary only because Ken Neuharth failed to respond adequately to Streed's requests for documents.  The costs arising from this second deposition would never have been incurred had Ken Neuharth abided by his discovery obligations.  For that reason, Magistrate Judge Jeanne J. Graham ordered that Streed could "re-depose Ken Neuharth, *at Defendants' expense*," on the topic of the missing documents.  ECF No. 49 at 5 (emphasis added).  Because the costs relating to that deposition arise entirely from Ken Neuharth's wrongful actions, the Court declines to shift these costs to Streed.

Second, the Court finds that Streed should pay the costs relating to the depositions of Stephen Streed and L.S.  According to Streed, the costs relating to these depositions should not be awarded because the Neuharths did not rely on those depositions in moving for summary judgment, and thus those depositions were not "necessarily obtained for use in the case . . . ." 28 U.S.C. § 1920(2).  But "[t]he determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use."  *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (quotation omitted).  Both Stephen Streed and L.S. were witnesses to the events at issue in this case, and it was reasonable to anticipate that their testimony would be necessary if the case proceeded to trial.  Further, although the Neuharths did not rely on either deposition in their motion for summary judgment, Streed submitted both deposition transcripts into the record [*see*

ECF Nos. 47-11 & 47-12]; Streed cited both deposition transcripts in his memorandum opposing the Neuharths' summary-judgment motion [*see* ECF No. 46 at 14, 15]; and the Court took these depositions into account in granting that motion [*see* ECF No. 62 at 9]. The Court therefore concludes that the costs relating to these depositions were properly included in the bill of costs.

Finally, Streed objects to the inclusion of the costs relating to the copying of the medical records of A.J.S. Streed contends that these medical records were not "necessarily obtained for use in the case," 28 U.S.C. § 1920(4), because they were procured only for discovery purposes and were not submitted by the Neuharths in support of their motion for summary judgment. But these medical records undoubtedly would have been necessary had this case proceeded to trial, and thus the cost of copying these records was properly included in the bill of costs.

In sum, the Court concludes that the Neuharths are entitled to reimbursement for everything identified in the bill of costs, with the sole exception of the $657.50 in costs relating to the second deposition of Ken Neuharth.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, plaintiff Erik John Streed's motion for review of taxation of costs [ECF No. 69] is GRANTED IN PART and DENIED IN PART, as explained in the body of this order. Accordingly, IT IS HEREBY ORDERED THAT costs incurred in this case by defendants Ken and Susanna Neuharth are taxed against Streed in the amount of $6,236.46.

Dated: May  27, 2014                                        s/Patrick J. Schiltz
                                                                                                    Patrick J. Schiltz
                                                                                                    United States District Judge